TRAVIS P. BRENNAN, State Bar No. 238119
  tbrennan@stradlinglaw.com
AHMAD S. TAKOUCHE, State Bar No. 322911
  atakouche@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH LLP
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: 949 725 4000
Facsimile: 949 725 4100

Attorneys for Plaintiff
Global Marketing Resources LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| GLOBAL MARKETING RESOURCES LLC, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NITIN BAJAJ, an individual; and DOES 1 through 20 inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT**<br><br>**AND DEMAND FOR JURY TRIAL** |

# COMPLAINT

Plaintiff GLOBAL MARKETING RESOURCES LLC ("Plaintiff" or "GMR"), for its Complaint against defendant NITIN BAJAJ ("Defendant" or "Bajaj") and Does 1 through 20, inclusive (collectively, "Defendants"), alleges as follows:

## Nature of the Action

1. Plaintiff brings this action under the Federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and California Penal Code §502(e), to seek redress for the criminality of its former CEO, Nitin Bajaj. Defendant fraudulently accessed Plaintiff's computer system using another person's login credentials in order to rummage through and copy Plaintiff's confidential information. Defendant's conduct—which he has already admitted to, under oath—violated at least two criminal statutes and Plaintiff must be made whole from this illegal behavior.

## Jurisdiction and Venue

2. This Court has subject matter jurisdiction over the causes of action alleged herein pursuant to 28 U.S.C. §§ 1131 and 1367.

3. This Court has personal jurisdiction over Defendants, and each of them, because they are domiciled in California or have sufficient minimum contacts with California such that exercising jurisdiction would comport with traditional notions of fair play and substantial justice.

4. Venue is proper in this Court because Defendant Bajaj resides in the Central District of California, Los Angeles County, and a substantial part of the acts or omissions giving rise to this action occurred in this District.

## The Parties

5. Plaintiff GLOBAL MARKETING RESOURCES LLC is, and at all times relevant hereto was, a California limited liability company headquartered in Tustin, California that is authorized to do business in California.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-1-

COMPLAINT

4930-2890-1971v2/108314-0001

6. Defendant NITIN BAJAJ, upon information and belief is, and at all times relevant was, a California resident who resides in Los Angeles County, California.

7. Plaintiff is unaware of the true names or capacities, whether individual, corporate, associate, or otherwise, of the defendants named herein as Does 1 through 20, inclusive. Upon information and belief, each Doe defendant is responsible for the acts and omissions alleged herein, and legally caused Plaintiff's injuries. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

8. Upon information and belief, Defendants, and each of them, are agents, servants, or employees of each other, who acted within the purpose, scope, and course of that authority, service, or employment, with express or implied knowledge, permission, or consent of each of the other Defendants.

## Factual Allegations

9. Plaintiff is a developer and marketer of web platforms for online businesses and startups. Plaintiff has been a one-stop solution for its customers since 2004.

10. Defendant is the former Chief Executive Officer of Plaintiff. Defendant was hired in this role in or around July 2023. Upon hiring, Plaintiff created for Defendant a GMR user account—including a GMR email address, as well as unique login credentials for Plaintiff's computer network—which enabled Defendant's limited access to that network for purposes related to his job. Additionally, as part of his employment, Defendant was provided a company laptop by which could only be accessed by the GMR user account and unique login credentials created for the Defendant. This laptop computer was provided only so that Defendant could conduct his business duties on behalf of the Plaintiff while he was employed as its CEO.

11. Defendant was terminated from his role on or about March 12, 2024. Upon termination, Plaintiff disabled Defendant's user account and login credentials, thereby terminating Defendant's only authorized access to Plaintiff's network.

12. On May 27, 2025, Defendant was deposed in the pending matter of *Nitin Bajaj v. Global Marketing Resources, LLC, et. al.*, Case No. 24STCV08706 (Sup. Ct. Los Angeles) (the "Pending Matter"). Before the deposition, Defendant had produced several emails sent to or from other GMR email accounts in which Defendant was not a sender or recipient. In fact, several of the emails were dated well before the beginning of Defendant's employment with GMR. Additionally, several of these emails contained Plaintiff's confidential information, including but not limited to financial data and proprietary materials.

13. At his deposition in the Pending Matter, Defendant admitted to accessing and downloading those emails by obtaining and using the login credentials of another person who worked for GMR. Defendant further admitted to having conducted searches for certain keywords to search for particular correspondence and documents within that person's files.

14. Defendant did not have permission from Plaintiff to obtain or utilize another person's login credentials to access Plaintiff's computer network. Defendant similarly did not have permission to access or download the emails using these login credentials.

15. By utilizing login credentials that did not belong to him to access another individual's GMR mailbox, Defendant knowingly and without permission accessed Plaintiff's confidential materials, including but not limited to internal and external email and electronic correspondence. Defendant then knowingly accessed, and without permission, took, copied, downloaded, or made use of, the electronic communications and other data contained in Plaintiff's computer network.

16. Defendant's access to Plaintiff's computer network was done knowingly and intentionally, for the purpose of finding confidential and proprietary information of the Plaintiff that he believed would be harmful to Plaintiff if disclosed publicly.

17. Since discovering Defendant's breach of its computer system, Plaintiff has incurred, and continues to incur, costs in investigating whether its computer network or systems were altered, damaged, or otherwise deleted as a result of Defendant's conduct. Plaintiff has further incurred costs in taking efforts to protect against further intrusion.

18. Additionally, despite his termination, Defendant has refused Plaintiff's demands that he return the company laptop computer he was provided at employment. To date, Defendant refuses to return Plaintiff's laptop computer, despite his obligations to do so.

## COUNT I
## (VIOLATION OF COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030, ET. SEQ.)
## (AGAINST DEFENDANT BAJAJ)

19. Plaintiff realleges and incorporates by reference paragraphs 1-17 as though fully set forth herein.

20. Defendant knowingly accessed Plaintiff's data on a computer, computer system, or computer network by impermissibly using the login credentials of one of Plaintiff's employees. Defendant further accessed Plaintiff's confidential materials, including but not limited to internal and external correspondence. Upon information and belief, Defendant accessed and used these computer and computer networks in the United States, beyond any applicable authorization.

21. Plaintiff is the owner or licensee of the computer, computer system, computer network, computer program, and/or data that Defendant impermissibly

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-4-
COMPLAINT
4930-2890-1971v2/108314-0001

Case 8:25-cv-01533-JWH-JDE   Document 1   Filed 07/14/25   Page 6 of 10   Page ID #:6

accessed. These are used in or affect interstate and foreign commerce and communication, and are therefore a "protected computer" under 18 U.S.C. § 1030(e)(2).

22. Defendant knowingly accessed, without permission, the emails and electronic communications in Plaintiff's computers, computer systems, or computer network in order to wrongfully control or obtain such property or data, and knowingly accessed and without permission took copies, or made use of, the email and electronic communications in Plaintiff's computers, computer systems, or computer network in violation of 18 U.S.C. § 1030(a).

23. Defendant knowingly and without permission used or caused to be used Plaintiff's computer services in violation of 18 U.S.C. § 1030(a).

24. Defendant knowingly accessed and without permission added, altered, damaged, deleted or destroyed data, computer software, or computer programs which reside or exist internal or external to Plaintiff's computer system or network in violation of 18 U.S.C. § 1030(a).

25. Defendant knowingly and without permission accessed or caused to be accessed Plaintiff's computers, computer systems, or computer network in violation of 18 U.S.C. § 1030(a).

26. Plaintiff was not aware of, and did not consent to, the unlawful acts committed by Defendant as described herein.

27. As a direct and proximate result of Defendant's unlawful conduct within the meaning of the Computer Fraud and Abuse Act, Defendant has caused damage to Plaintiff in an amount to be proven at trial. Plaintiff seeks compensatory and other equitable relief under 18 U.S.C. §1030(g).

28. Plaintiff is informed and believes that the aforementioned acts of Defendant were willful and malicious in that Defendant's acts described above were done with the deliberate intent to injure Plaintiff. Plaintiff is therefore entitled to an award of punitive or exemplary damages.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-
COMPLAINT
4930-2890-1971v2/108314-0001

29. Plaintiff has also suffered irreparable injury from these acts, and due to the continuing threat of such injury, has no adequate remedy at law, entitling Plaintiff to injunctive relief.

## COUNT II
## (VIOLATION OF CAL. PENAL CODE §502(e))
## (AGAINST DEFENDANT BAJAJ)

30. Plaintiff realleges and incorporates by reference paragraphs 1-17 as though fully set forth herein.

31. Defendant knowingly accessed Plaintiff's data on a computer, computer system, or computer network by impermissibly using the login credentials of one of Plaintiff's employees. Defendant further accessed Plaintiff's confidential materials, including but not limited to internal and external correspondence.

32. Plaintiff is the owner or licensee of the computer, computer system, computer network, computer program, and/or data that Defendant impermissibly accessed.

33. Defendant knowingly accessed, without permission, the emails and electronic communications in Plaintiff's computers, computer systems, or computer network in order to wrongfully control or obtain such property or data, and knowingly accessed and without permission took copies, or made use of, the email and electronic communications in Plaintiff's computers, computer systems, or computer network in violation of California Penal Code §§ 502(c)(1) and (c)(2).

34. Defendant knowingly and without permission used or caused to be used Plaintiff's computer services in violation of California Penal Code section 502(c)(3).

35. Defendant knowingly accessed and without permission added, altered, damaged, deleted or destroyed data, computer software, or computer programs

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-6-
COMPLAINT
4930-2890-1971v2/108314-0001

which reside or exist internal or external to Plaintiff's computer system or network in violation of California Penal Code section 502(c)(4).

36. Defendant knowingly and without permission accessed or caused to be accessed Plaintiff's computers, computer systems, or computer network in violation of California Penal Code section 502(c)(7).

37. Plaintiff was not aware of, and did not consent to, the unlawful acts committed by Defendant as described herein.

38. As a direct and proximate result of Defendant's unlawful conduct within the meaning of California Penal Code § 502, Defendant has caused damage to Plaintiff in an amount to be proven at trial. Plaintiff is also entitled to recover its reasonable attorneys' fees pursuant to California Penal Code § 502(e).

39. Plaintiff is informed and believes that the aforementioned acts of Defendant were willful and malicious in that Defendant's acts described above were done with the deliberate intent to injure Plaintiff. Plaintiff is therefore entitled to an award of punitive or exemplary damages.

40. Plaintiff has also suffered irreparable injury from these acts, and due to the continuing threat of such injury, has no adequate remedy at law, entitling Plaintiff to injunctive relief.

## COUNT III
## (CONVERSION)
## (AGAINST DEFENDANT BAJAJ)

41. Plaintiff realleges and incorporates by reference paragraphs 1-17 as though fully set forth herein.

42. Upon hiring, Plaintiff created for Defendant a GMR user account—including a GMR email address, as well as unique login credentials for Plaintiff's computer network—which enabled Defendant's limited access to that network for purposes related to his job. Additionally, as part of his employment, Defendant was provided a company laptop computer by which could only be accessed by the

-7-
COMPLAINT

GMR user account and unique login credentials created for the Defendant. This laptop computer was provided only so that Defendant could conduct his business duties on behalf of the Plaintiff while he was employed as its CEO.

43. Plaintiff owns and has a right to possess the company laptop computer provided to Defendant for the sole purpose of conducting his business duties for Plaintiff during the term of his employment.

44. Defendant does not own or have a right to possess the company laptop computer provided to Defendant for the sole purpose of conducting his business duties for Plaintiff during the term of his employment.

45. After he was terminated, Defendant was required to return to GMR the company laptop computer. Defendant did not, and has refused to do so.

46. Defendant substantially interfered with GMR's right to possess and use company laptop computer by both taking possession of it and refusing to return it.

47. GMR has not and does not consent to Defendant's refusal to return the company laptop computer to Plaintiff.

48. As a proximate result of Defendant's wrongful conduct, GMR has suffered and continues to suffer economic loss and other general and specific damages, all in amounts to be determined according to proof at the time of trial.

49. Defendant's conduct was a substantial factor in causing such harm to GMR.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff demands judgment against defendant as follows:

A. For general damages according to proof at trial;

B. For a preliminary and then permanent injunction prohibiting Defendant's conduct as described herein;

C. For costs, including post-judgment costs;

D. For pre-judgment and post-judgment interest;

E.    For attorneys' fees as permitted by law; and

F.    For such further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: July 11, 2025
    STRADLING YOCCA CARLSON & RAUTH LLP

By: */s/ Travis P. Brennan*
Travis P. Brennan
Ahmad S. Takouche
Attorneys for Plaintiff
Global Marketing Resources LLC